# Exhibit "A"

*Plaintiff's Complaint*

**Electronically Filed**
**11/10/2020 11:57 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**COMP**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Jamie H. Corcoran, Esq.
Nevada Bar No. 11790
**BERNSTEIN & POISSON**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
Email: jamie@vegashurt.com
*Attorneys for Plaintiff*

CASE NO: A-20-824501-C
Department 27

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| Elwin Brodie, an individual, | Case No.: |
| Plaintiff, | Dept. No.: |
| v. | |
| WAL-MART STORES, INC.; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive, | **COMPLAINT** |
| Defendant(s). | |

COMES NOW, the Plaintiff, by and through her counsel of record, BERNSTEIN & POISSON, submits this complaint against Defendants for the foregoing causes of action, and alleges as follows:

**I.   GENERAL ALLEGATIONS**

1.   At all times material herein, Plaintiff Elwin Brodie (hereinafter "Plaintiff") is an adult female and at all times was a resident of Clark County, State of Nevada and residing therein.

2.   Upon information and belief, at all times material herein, Defendant, Wal-Mart Stores, Inc. (hereinafter "Defendant Wal-Mart") is a foreign corporation, doing business as Wal-Mart in Clark County Nevada.

3.   Upon information and belief, at all times material herein, Doe and Roe Defendants 1 through 200 were legal entities/residents of Clark County, Nevada, and authorized

Page 1 of 6

1  to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were
2  employees, agents, or servants of Defendants in its control and functioned and assisted in the
3  operation, control maintenance and/or management of the premise, in which plaintiff was
4  injured, causing damages.

5      4.    The true names and capacities, whether individual, corporate, associate or
6  otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 101 through 200,
7  inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names;
8  on information and belief, Plaintiff alleges that the Defendants, and each of them, designated
9  herein as a DOE or ROE CORPORATION were responsible in some manner for the injuries
10 sustained by the Plaintiff resulting from the below stated incident; and is liable for all damages
11 due to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to
12 insert the true names and capacities when the same is ascertained and to join such Defendants in
13 this action.

14     5.    Doe 1 is the owner of the premise on which the incident that is the subject of this
15 complaint occurred.

16     6.    Doe 2 is the owner of the business that operates the business located on the
17 owner's premise.

18     7.    Doe 3 is the maintenance and/or cleaning and/or janitorial company responsible
19 for the cleaning, repairs, maintenance, and upkeep of the property.

20     8.    The DOE 4 is the unknown property management company.

21 **II.**    **FACTUAL BACKGROUND**

22     9.    Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1
23 through 8 as if fully set forth herein.

24     10.    On or about May 9, 2019, Plaintiff was lawfully on the premises at Defendant's
25 property located at or around 4505 Charleston In Clark County Nevada.

26     11.    Plaintiff was injured due to a dangerous condition on Defendant's premises.

27     12.    Plaintiff while walking slipped and fell on a foreign liquid on the ground.
28 Defendant owed a duty to warn Plaintiff of perils that would foreseeably harm her, including

**Bernstein & Poisson**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 877-4878  FAX: (702) 256-6280

1  placing warnings of a dangerous condition on the floor and premises and monitoring and
2  inspecting the grounds.

3      13.    Defendant owed a duty to maintain a safe premise to protect persons, such as
4  Plaintiff, from harm, including curing dangerous conditions on the floor and inspecting and
5  monitoring the premises safely and routinely.

6      14.    As a result, Plaintiff suffered severe bodily injuries and damages in excess of
7  $15,000 subject to proof at trial.

## III. NEGLIGENCE/PREMISES LIABILITY

15. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. Upon information and belief, Defendants, and each of them, known and unknown, and their employees knew or should have known about the dangerous condition, which caused the injuries to Plaintiff, yet continued to let this condition exist, causing an unreasonable threat to the safety of those on their property, including Plaintiff.

17. Further, upon information and belief, Defendants allowed the dangerous condition to exist for an extended period of time by negligently allowing the property and grounds and facilities to be improperly maintained, cleaned, and safe.

18. Defendants, and each of them, had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous conditions on or around said premises.

19. Defendants, and each of them, breached its duty to Plaintiff in one or more of the following respects, but not limited to:

    a. Failure to exercise reasonable care in performing routine cleaning/ maintenance of the premises.

    b. Failure to warn guests of dangerous conditions on the premises.

    c. Failure to inspect for dangerous conditions on the premises.

    d. Failure to cure dangerous conditions on the premises.

Page 3 of 6

**Bernstein & Poisson**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 877-4878  FAX: (702) 256-6280

      e.  Failure to follow safety protocol.

      f.  Failing to provide adequate safeguards in place to prevent accidents from occurring.

      g.  Failing to reasonably clean or sweep the area.

20. Defendants, and each of them, known and unknown, breached these duties, directly and proximately causing Plaintiff's injuries.

21. Defendants, despite having actual notice or constructive notice, upon a reasonable inspection of its premises, that a dangerous condition existed.  Defendants, failed to cure the same, enact proper safeguards, or warn of same to prevent serious bodily injury to Plaintiff, all in breach of its duty of due care herein.

22. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

### IV. NEGLIGENT HIRING/SUPERVISION

23. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. In addition to their direct liability, Defendants, and each of them, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage.

25. At all times relevant herein, Defendant, through it's agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors.  Therefore, employer(s) are responsible and liable for all of its employee's negligent conduct set forth herein under the theory of respondeat superior.

26. Upon information and belief, Defendants employed janitorial and maintenance personnel, design teams, management and other supervisory personnel for the purpose of

1  supervising employees, patrons, guests and invitees and maintaining said property in a

2  reasonably safe and suitable condition.

3      27. At all times material, Defendant was in control of, and responsible for training,

4  hiring, and/or screening employees/contractors working on its premises, in a way designed to

5  protect persons such as Plaintiff from harm.

6      28. Defendant breached its duty to Plaintiff in one or more of the following respects,

7  but not limited to:

    a. Failing to adequately supervise employees, agents, contractors and/or subsidiaries.

    b. Failing to adequately train employees, agents, contractors and/or subsidiaries.

    c. Failing to adequately screen potential employees, agents, contractors and/or subsidiaries before their hiring/contracting.

    d. Failing to follow safety protocol.

    29. Defendant's breach of these duties directly and proximately caused Plaintiff's injuries.

    30. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

**V.    PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff reserving her right individually or through her representatives, to amend his Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them as follows:

1) For General and Special Damages in a sum in excess of $15,000.00;

2) For Attorneys' fees and costs of suit incurred herein;

3) For interest at the statutory rate; and

4) For such other and further relief as the Court may deem just and equitable in the matter.

DATED this   10th   day of November, 2020.

Respectfully submitted,

**BERNSTEIN & POISSON**

*/s/ Jamie H. Corcoran, Esq.*
SCOTT L. POISSON, ESQ.
State Bar No. 010188
JAMIE H. CORCORAN, ESQ.
State Bar No. 11790
320 S. Jones Blvd.
Las Vegas, Nevada 89107
(T) (702) 877-4878
(F) (702) 256-6280
Email: jamie@vegashurt.com
*Attorneys for Plaintiff*

**Bernstein & Poisson**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 877-4878  FAX: (702) 256-6280